# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>ROBERT JOHN McGILL,<br><br>　　　　　　　　　　Defendant. | CASE NO. 09cr2856-IEG<br><br>Order Granting in Part Defendant's Motion for Scheduling Order |
|---|---|

Defendant Robert John McGill moves the Court for a scheduling order which would afford him additional time to compile and present mitigating evidence to the United States Attorney and Attorney General's Capital Case Committee. The government has filed an opposition, and defendant has filed a reply.

A hearing was held before Chief Judge Irma E. Gonzalez on April 12, 2010. Upon consideration of the parties' arguments, for the reasons set forth herein, the Court GRANTS IN PART defendant's motion.

### *Background*

On July 17, 2009, Robert McGill was arrested and charged by complaint with murder in the second degree. On July 29, 2009, the grand jury returned an indictment charging Mr. McGill with murder in the second degree. The matter proceeded as a non-capital offense until January 6, 2010, when the government obtained a superseding indictment charging Mr. McGill with kidnapping and first degree murder, a crime punishable by death.

The Federal Death Penalty Act states that the death penalty may be sought for a capital offense whenever "the attorney for the government believes that the circumstances of the offense are such that a sentence of death is justified." 18 U.S.C. § 3593(a). However, according to the internal policies and procedures of the Department of Justice, commonly referred to as the "death penalty protocols," only the Attorney General can decide whether the government will seek the death penalty in any case. United States Attorney Manual ("U.S.A.M.") § 9-10.040. The protocols provide that, before the Attorney General decides whether to seek the death penalty, any potential capital case will be reviewed first by the local United States Attorney and then by the Attorney General's Capital Review Committee. U.S.A.M. § 9-10.050 and 9-10.120. The U.S. Attorney must give the defendant "a reasonable opportunity to present any facts, including any mitigating factors, for consideration ...." Id. § 9-10.050. Defendant is similarly provided the opportunity to bring mitigating evidence to the attention of the Capital Review Committee before it makes its own recommendation. Id. § 9-10.120.

By letter dated March 5, 2010, the government notified defense counsel that they should submit any mitigating factors in writing to the U.S. Attorney by June 1, 2010. In addition, defense counsel would be permitted to make an oral presentation to the U.S. Attorney's Office Death Penalty Committee on after before June 15, 2010.[1]

Defense counsel objected to the government's proposed timetable for presentation of mitigation evidence. By letter dated March 9, 2010, counsel for defendant proposed extending the date by which he would present mitigating evidence to the U.S. Attorney until January 2, 2011. When counsel were unable to reach any agreement regarding the timetable for defendant to submit mitigating evidence, defendant filed the current motion. In his motion, defendant asks the Court to set the following schedule:

1) January 14, 2011: written submission by the defendant to the United States Attorney of any reasons why the Government should not seek the death penalty;

2) January 28, 2011: meeting between defense counsel and the United States Attorney

---

[1] The government did not indicate in its letter to defense counsel, or in its briefing to the Court, when the U.S. Attorney intends to make her recommendation to the Department of Justice, or when it plans to file its notice under 18 U.S.C. § 3593(a) that it will seek the death penalty or notify the court and defendant that it will not.

       or her designees;

3)     February 25, 2011: submission by the United States Attorney to the appropriate officials of the Department of Justice of a recommendation and any supporting documentation concerning whether the death penalty should be sought;

4)     March 25, 2011: meeting between defense counsel and the Attorney General's Capital Case Committee; and,

5)     June 30, 2011: filing of a notice under 18 U.S.C. § 3593(a) that the Government will seek the death penalty, or notification to the court and the defendant that it will not.

### *Discussion*

Defendant argues the Court has inherent authority to enter the requested scheduling order based upon the Court's power to effectuate the speedy and orderly administration of justice and manage its docket.[2] Defendant argues the time he requests, although somewhat lengthy, is reasonable. Defendant's retained mitigation expert is unavailable to begin work on this case until June, and will need until early winter to complete her review of the multiple factors which could militate against the death penalty in the case. In addition, defendant argues the government has yet to produce discovery making clear the basis of its capital allegations, which has delayed the defense preparation of mitigation evidence.

The government disputes the Court's authority to enter a scheduling order setting a timetable for defendant to present mitigation evidence. The government argues the decision to seek the death penalty, and any process the Department of Justice has created to facilitate the Attorney General making such decision, is within the exclusive province of the Executive Branch. The government argues the Court cannot, without violating principles of separation of powers,

---

[2]In his motion, defendant also states he is relying upon his Sixth Amendment right to effective assistance of counsel, his Fifth Amendment right of due process of law, and his Eighth Amendment right to a reliable penalty determination. The United States Attorney's Manual, however, does not confer upon defendant any constitutionally protected substantive or procedural rights. United States v. Fernandez, 231 F.3d 1240, 1246 (9th Cir. 2000) (even though the U.S.A.M. provides the defendant with an opportunity to present reasons why the government should not seek the death penalty, the manual "does not create any substantive or procedural rights."). The Court does not find persuasive the contrary decisions of the District of Puerto Rico in United States v. Pena-Gonzalez, 62 F. Supp. 2d 358, 361 (D.P.R. 1999) and United States v. Gomez-Olmeda, 296 F. Supp. 2d 71, 78 (D.P.R. 2003), finding that the Justice Department's certification process is a critical stage at which a defendant's Sixth Amendment rights attach. Defendant does not provide any further briefing on this issue in his reply, but instead asserts the scheduling order is an appropriate exercise of the Court's inherent authority to control its docket.

1  issue a scheduling order regulating the time within which the government completes its death
2  penalty review process.  Even assuming the Court has authority to regulate this internal process,
3  the government argues the June 1, 2010 deadline it has established for defendant to present
4  mitigating evidence to the U.S. Attorney is reasonable under the circumstances of this case.

5        The Court unquestionably has the authority to issue scheduling orders designed to manage
6  its docket.  United States v. Grace, 526 F.3d 499, 509 (9th Cir. 2008).  "[T]he district court is
7  charged with effectuating the speedy and orderly administration of justice." Id. at 508.  To that
8  end, the court may enter pretrial case management orders "designed to ensure that the relevant
9  issues to be tried are identified, that the parties have an opportunity to engage in appropriate
10 discovery and that the parties are adequately and timely prepared so that the trial can proceed
11 efficiently and intelligibly." Id. at 509.

12       In September of 2007, the Judicial Conference of the United States approved a Criminal
13 Justice Act Guideline, developed jointly by Department of Justice staff and defender services
14 representatives, which recommends that the trial court establish a schedule for resolution of
15 whether the government will seek the death penalty. *Guide to Judiciary Policy*, Vol. 7, Pt. A,
16 Ch. 6, § 670.  Pursuant to these guidelines, courts routinely enter scheduling orders designed to
17 avoid undue delay attributable to the Attorney General's consideration of whether to seek the
18 death penalty.  Courts routinely establish an outside date by which (1) the defendant must present
19 evidence to the United States Attorney as to why the government should not seek the death
20 penalty, (2) the United States Attorney must make a recommendation to the Department of Justice,
21 and (3) the government must file its notice under 18 U.S.C. § 3593(a) that it will seek the death
22 penalty or notify the court and defendant that it will not.  Because any delay by the Attorney
23 General in making the decision whether to seek the death penalty would impact the trial date, the
24 government cannot argue that the trial court lacks authority to enter such a scheduling order to
25 further the "speedy and orderly administration of justice."

26       The question here, then, is whether this Court can issue a scheduling order which
27 effectively requires the Department of Justice to delay its consideration of whether to seek the
28 death penalty. Such an order can only be justified as an exercise of the Court's inherent authority if

it furthers the goal of "speedy and orderly administration of justice," or is "designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." Grace, 526 F.3d at 509. The Court believes a scheduling order as requested by defendant, allowing additional time for presentation of mitigation evidence to the U.S. Attorney, furthers each of these goals.

A defendant in a federal capital case is entitled to more procedural protections than other federal criminal cases. In addition, the cost of prosecuting a capital case is substantially greater than that of a noncapital case. John B. Gould and Lisa Greenman, Update on the Cost, Quality, and Availability of Defense Representation in Federal Death Penalty Cases: Preliminary Report on Phase One of the Research at 29 (June 2008, Office of Defender Services, Administrative Office of the U.S. Courts) (available at www.uscourts.gov/defenderservices/FDPC_Contents.cfm) (indicating that while the median cost for experts in non-death authorized cases is $5,275, it was $83,029 in capital cases). A scheduling order, as defendant requests, allows for the efficient use of judicial resources, including funds provided through the Office of Defender Services. In particular, the Court is concerned that requiring defendant to expedite his gathering of mitigation evidence, or requiring defendant at this time to hire a new mitigation expert, will result in unnecessary expenditure of CJA funds. A scheduling order, as defendant requests, will allow for the orderly resolution of the question of whether the government will seek the death penalty, and will also allow the parties to efficiently prepare for trial.

The government cites a number of cases for the proposition that the Court lacks the authority to enter the requested scheduling order. The Court first notes that the only other court to directly consider the issue of whether it should set a deadline for submission of mitigation packages, United States v. Jackson, 2006 WL 59559 (S.D.N.Y. 2006), issued its decision prior to the Judicial Conference's adoption of the Criminal Justice Act Guidelines. Thus, the New York court did not have the benefit of the Judicial Conference Guidelines, developed jointly by staff of the Department of Justice and defender services. In addition, it is not apparent from the facts recited in the memorandum decision in Jackson whether any circumstances, such as this Court's

concern about the unnecessary expenditure of CJA funds to conduct an expedited investigation, made it necessary to enter a scheduling order for the orderly and speedy administration of justice in that case.

The government cites additional cases for the well-established propositions that (a) the U.S.A.M. creates no legally enforceable rights. <u>Fernandez</u>, 231 F.3d at 1246, and (b) courts should not encroach upon the independence of a coordinate branch of government, <u>United States v. Ray</u>, 375 F.3d 980, 995 (9th Cir. 2004). In issuing a scheduling order, the Court is not granting defendant any new right or invading the province of the Department of Justice to determine, according to its protocol, whether to seek the death penalty in this case. The government has not shown how a brief delay in the defendant's presentation of mitigation evidence to the U.S. Attorney will hinder its ability to carry out its prosecutorial function. The scheduling order is designed purely to ensure this case proceeds to trial in an orderly and expeditious manner without unnecessary expense.

Nonetheless, the Court concludes the time requested by defendant to complete his mitigation investigation is unduly lengthy. Defense counsel argues the requested timetable is consistent with the average time between indictment on a capital charge and presentation of mitigating information to the Department of Justice. However, defendant's expert states the average time between indictment and presentation of mitigating information by counsel to the Attorney General's Capital Case Review Committee is 12.3 months. The superseding indictment charging defendant with a death-eligible offense was filed in this case on January 6, 2010.³ As such, in the average case, the defendant's presentation of mitigation evidence to the Attorney General's Capital Case Review Committee would take place in early January 2011. But defendant proposes delaying his initial presentation of evidence to the local United States Attorney until mid-January 2011, which would delay the presentation of mitigation evidence to the Capital Case Review Committee for several months thereafter. Even though defendant's chosen mitigation

---

³The reasonableness of the length of time for defendant to submit of mitigation evidence should be judged from the time the government obtained the Superseding Indictment. Although the government may have expressed its intent to seek a Superseding Indictment in the fall of 2009, defense counsel wisely waited until a death-eligible crime was charged to retain a mitigation expert. Doing so earlier would not have been an efficient use of judicial resources.

1  expert is unavailable to begin working on this case until June of 2010, defendant has not identified
2  with particularity any complex investigation which would take more than a few months.
3  Therefore, although the Court will grant defendant's motion for a scheduling order, it will not
4  grant defendant the length of time he requests.

5      At this time, the Court will set a only date for the defendant to initially submit written
6  mitigating factors to the U.S. Attorney.  By separate order, after receiving input from counsel for
7  both parties, the Court will also enter a scheduling order setting forth the time for the U.S.
8  Attorney to make her recommendation to the Department of Justice, and for the government to
9  either file its notice under 18 U.S.C. § 3593(a) or to notify the court and defendant that it will not
10 seek the death penalty.  Such a scheduling order is necessary to ensure the Attorney General's
11 consideration of whether to seek the death penalty does not delay the trial in this case.  The Court
12 declines to set dates for defense counsel to meet with the U.S. Attorney or with the Attorney
13 General's Capital Case Committee, as requested by defendant in his motion.  Instead, the parties
14 are urged to work together to set mutually convenient dates for these meetings.

### *Conclusion*

16     For the reasons set forth herein, the Court GRANTS IN PART defendant's motion for a
17 scheduling order.  The Court orders the defendant to submit to the U.S. Attorney any reasons why
18 the government should not seek the death penalty on or before September 1, 2010.  Counsel are
19 ordered to meet and confer forthwith, and to submit to the Court by May 3, 2010 a proposed
20 schedule for the United States Attorney to make her recommendation to the Department of Justice,
21 and for the government to file its notice under 18 U.S.C. § 3593(a) that it will seek the death
22 penalty or to notify the court and the defendant that it will not.  Based thereon, the Court will issue
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  a scheduling order containing all the pertinent dates.  Counsel are also urged to meet and confer to
2  set mutually convenient dates for defense counsel to meet with the U.S. Attorney and the Attorney
3  General's Capital Case Committee.

4  **IT IS SO ORDERED**.

5  **DATED:  April 16, 2010**

 _____
 **IRMA E. GONZALEZ, Chief Judge
 United States District Court**