# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ROBERT JOHN MCGILL,

Defendant.

CASE NO. 09cr2856 - IEG

**ORDER DENYING MOTION TO WITHDRAW PLEA OF GUILTY**

[Doc. No. 203]

Presently before the Court is Defendant Robert John McGill's motion to withdraw his guilty plea. [Doc. No. 203.] For the reasons below, the Court **DENIES** Defendant's motion to withdraw his guilty plea.

## BACKGROUND

On July 29, 2009, Defendant was charged by indictment with second degree murder in violation of 18 U.S.C. §§ 1111(b) and 7(8). [Doc. No. 11.] On July 14, 2011, Defendant pled guilty to the charge of second degree murder pursuant to a plea agreement. [Doc. No. 158.]

On December 8, 2011, the Court sentenced Defendant to life in prison, imposed a $100 special assessment, and waived the fine. [Doc. No. 183.] The Court reserved the issue of restitution to be determined at a later date. [Id.] On December 8, 2011, Defendant filed his notice of appeal to the Ninth Circuit. [Doc. No. 184.] On December 9, 2011, the Court entered judgment in the case imposing Defendant's prison sentence. [Doc. No. 185.]

On February 28, 2012, the Government filed its request for restitution. [Doc. No. 200.]

On March 22, 2012, the Ninth Circuit stayed the appellate proceedings pending this Court's ruling on the Government's request for restitution. [Doc. No. 202.] On March 23, 2012, Defendant filed the present motion to withdraw his guilty plea. [Doc. No. 203.]

By the present motion, Defendant moves to withdraw his guilty plea. [Doc. No. 203.] Defendant argues that he should be allowed to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B) because the Court has not yet imposed its sentence in this case and "fair and just reasons" exist for allowing him to withdraw his guilty plea. [Doc. No. 203-1 at 2-6.] In response, the Government argues Defendant cannot withdraw his guilty plea because the Court has already imposed a final sentence within the meaning of Rule 11. [Doc. No. 204 at 3-4.]

## DISCUSSION

### I. Legal Standards

Federal Rule of Criminal Procedure 11 governs pleas in criminal cases and sets forth when a criminal defendant may withdraw a guilty plea. Rule 11(d)(2) provides: "A defendant may withdraw a plea of guilty or nolo contendere . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). However, Rule 11 also provides: "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Id. 11(e).

"The decision to allow withdrawal of a plea is solely within the discretion of the district court." United States v. Nostratis, 321 F.3d 1206, 1208 (9th Cir. 2003). "The defendant has the burden to show a fair and just reason for withdrawal of a plea." Id.

### II. Analysis

#### A. Whether Sentence Has Been Imposed

Defendant argues that he is entitled to withdraw his guilty plea pursuant to Rule 11(d)(2)(B) because the Court has not yet imposed its sentence. [Doc. No. 203-1 at 2-3.] Specifically, Defendant argues that restitution is part of sentencing, and because the Court has yet to rule on the Government's request for restitution, the Court has not yet imposed its sentence. [Id. at 2.] Defendant also argues his final sentence has not been imposed because the Court has not yet

entered its final judgment. [Id. at 3.]

In response, the Government first argues that a final judgment is not needed because Rule 11(d)(2)(B) does not state that a plea may be withdrawn before final judgment is entered, rather it merely states that it may be withdrawn before the sentence is imposed. [Doc. No. 204 at 3.] The Government goes on to argue that, regardless, a sentence of imprisonment constitutes a final judgment, and a judgment can be final even if it does not contain a definitive amount of restitution. [Id. at 3-4.]

The Ninth Circuit has explained that Congress has made clear its intent that "the restitution required by the [Mandatory Victims Restitution Act ("MVRA")] be a part of the criminal sentence." United States v. Cliatt, 338 F.3d 1089, 1094 (9th Cir. 2003); see also United States v. Ramilo, 986 F.2d 333, 336 (9th Cir. 1993) (explaining that under the Victim and Witness Protection Act, "restitution is part of the criminal sentence"). In addition, the Supreme Court has explained that a judgment in a criminal case is final only "'when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined.'" Parr v. United States, 351 U.S. 513, 518 (1956). Therefore, Defendant's argument initially appears to be persuasive. However, a recent Supreme Court case casts serious doubts on Defendant's position.

In Dolan v. United States, 130 S. Ct. 2533 (2010), the Supreme Court declined to accept the defendant's argument that a sentencing judgment is not "final" until it contains a definitive determination of the amount of restitution. Id. at 2542. The Supreme Court stated "[t]o the contrary, strong arguments favor the appealability of the initial judgment irrespective of the delay in determining the restitution amount." Id. The Supreme Court noted that it has previously stated that a judgment that imposes "discipline" may be "'freighted with sufficiently substantial indicia of finality to support an appeal,'" id. (citing Corey v. United States, 375 U.S. 169, 174, 175 (1963)), and that 18 U.S.C. § 2582(b) states that a "judgment of conviction" that "includes" a "sentence to imprisonment" is a "final judgment." Id. The Supreme Court also noted several Court of Appeals cases where a defendant appealed from the entry of a judgment containing an initial sentence that included a term of imprisonment; that same defendant subsequently appealed

from a later order setting forth the final amount of restitution; and the Court of Appeals consolidated the two appeals and decided them together. Id. at 2542-43 (citing United States v. Stevens, 211 F.3d 1, 4-6 (2d Cir. 2000); United States v. Maung, 267 F.3d 1113, 1117 (11th Cir. 2001); United States v. Cheal, 389 F.3d 35, 51-53 (1st Cir. 2004)).

At the hearing, Defendant argued that the statements in Dolan are dicta. While these statements may be dicta, the Court nevertheless finds the reasoning and analysis in Dolan persuasive. In addition, the Court notes that these statements in Dolan are based on prior Supreme Court precedent, 18 U.S.C. § 2582(b), and Court of Appeals cases where a defendant appealed from the entry of a judgment containing a term of imprisonment when restitution still remained pending. See Dolan, 130 S. Ct. at 2542-43. Therefore, the Court agrees with the analysis in Dolan and holds that a judgment imposing a sentence of imprisonment constitutes a final judgment even if the amount of restitution will determined at a later time.

On December 8, 2011, the Court sentenced Defendant to life in prison. [Doc. No. 183.] On December 9, 2011, the Court entered judgment imposing the life sentence. [Doc. No. 185.] Because this judgment contained Defendant's sentence to imprisonment, it is a final judgment despite the Court leaving restitution to be determined at a later date. See Dolan, 130 S. Ct. at 2542; 18 U.S.C. § 2582(b). Therefore, the Court imposed its sentence on December 8, 2011, see United States v. King, 257 F.3d 1013, 1022 (9th Cir. 2001) (explaining that for the purposes of Rule 11, sentencing occurs "when orally pronounced in court"), and entered a final judgment on December 9, 2011. Because the Court has already imposed its sentence, Defendant cannot attempt to withdraw his guilty plea pursuant to Rule 11(d)(2)(B), which requires that the motion be made before the sentence is imposed. Instead, Rule 11(e) applies to Defendant's present circumstances. Under that rule, Defendant may not withdraw his plea of guilty, and "the plea may be set aside only on direct appeal or collateral attack." FED R. CRIM. P. 11(e); see also United States v. Ortega-Ascanio, 376 F.3d 879, 885 (9th Cir. 2004) ("If the defendant waits until his conviction is final, the district court cannot permit withdrawal and the plea can be set aside only on direct appeal or in collateral proceedings, that is, if the plea is somehow invalid.").

///

        B.      Whether a Fair and Just Reason for Withdrawal Exists

Defendant argues that a "fair and just reason" exists for withdrawing his guilty plea because the Court failed to properly conduct the plea colloquy as required by Federal Rule of Criminal Procedure 11(b) when it accepted his guilty plea. [Doc. No. 203-1 at 3-6.] Specifically, Defendant argues that the Court did not advise him of (1) his right to persist in his not guilty plea; (2) his right to testify and present evidence; (3) the nature of the charge to which he was pleading guilty; (4) the Court's obligation to consider possible departures from the appropriate sentencing guideline range; (5) the Court's obligation to order restitution under the Mandatory Victim Restitution Act ("MVRA"); (6) the possibility that his statements at the hearing could be used against him in a prosecution for perjury; and (7) the Court's obligation to impose a special assessment, as required by Rule 11(b)(1)(A), (B), (E), (G), (K), (L), and (M) respectively. [Id. at 4-5.] In its opposition, the Government disagrees with this section of Defendant's motion. [Doc. No. 204 at 2 n.5.] However, the Government does not address the merits of Defendant's arguments and instead relies on its prior argument that Defendant is not entitled to withdraw his guilty plea pursuant to Rule 11(d)(2)(B) because he has already been sentenced. [Id.]

As explained above, the Court imposed Defendant's sentence on December 8, 2011 when it sentenced Defendant to life in prison. Therefore, even if a "fair and just reason" for withdrawal exists, Defendant cannot withdraw his guilty plea pursuant to Rule 11(d)(2)(B) because his sentence has already been imposed. See FED R. CRIM. P. 11(d)(2). At the hearing, Defendant argued that even if the Court has already imposed his sentence, he could still withdraw his guilty plea as long as the Court determines that his plea colloquy was inadequate. However, Defendant provided the Court with no authority for this position, and Defendant's position appears to be clearly foreclosed by the plain language of Rule 11 and Ninth Circuit precedent. See FED R. CRIM. P. 11(e); Ortega-Ascanio, 376 F.3d at 885. Because Defendant has already been sentenced, his guilty plea may only be set aside on direct appeal or collateral attack. See id.[1]

---

[1] It appears that during the plea colloquy the Court failed to advise Defendant of the Court's obligation to order restitution. However, this is of no consequence for purposes of the present motion because even if this constitutes a "fair and just reason" for withdrawal, Defendant cannot withdraw his plea pursuant to Rule 11(d)(2)(B) at this stage in the litigation because the Court has already

**CONCLUSION**

For the reasons explained herein, the Court **DENIES** Defendant's motion to withdraw his guilty plea.

**IT IS SO ORDERED.**

**DATED:** April 23, 2012

**IRMA E. GONZALEZ**
**United States District Judge**

imposed its sentence. See FED R. CRIM. P. 11(e); Ortega-Ascanio, 376 F.3d at 885.