UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>ROBERT JOHN McGILL,<br><br>               Defendant. | Case No.:  09cr2856 BEN<br><br>**ORDER DENYING SECOND OR SUCCESIVE MOTIONS TO VACATE, SET ASIDE, OR CORRECT A SENTENCE PURSUANT TO 28 U.S.C. § 2255 FOR LACK OF JURISDICTION**<br><br>**[Dkt. Nos. 257, 260 & 264]** |

      On December 8, 2011, Defendant was sentenced to life in prison by the Hon. Irma E. Gonzalez, after pleading guilty to killing Shirley McGill with malice aforethought onboard a cruise ship in United States territorial waters.

      On October 9, 2015, the case was reassigned to the undersigned.  On March 21, 2016, Defendant filed his first motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255.  Defendant requested three extensions of the time for filing briefs. All three were granted, with the last extension setting a deadline of January 3, 2017 for Defendant to file a reply brief.  No reply brief was filed by Defendant.  The § 2255 motion was ultimately denied on March 29, 2019.

      On July 24, 2019, Defendant filed what appears to be a second or successive § 2255 motion (Dkt. 257).  The document is titled as a Supplemental Motion that

Exonerates of [sic] Movant's [sic] of Second Degree Murder [*etc*.]. The pleading appears to raise a new theory about how Defendant ingested tainted tequila and mezcal alcohol and, as a result, was in an unintended state of involuntary intoxication at the time he killed the victim (his wife).

On January 30, 2020, Defendant filed what he describes as an emergency motion to re-open his case and *amend* his § 2255 motion (Dkt. 260), without attaching the actual amended § 2255 motion. On May 10, 2021, Defendant filed (nunc pro tunc to February 5, 2021) another motion to re-open his § 2255 (Dkt. 264). The motion is similar to the January motion except the more recent motion includes a lengthy brief alleging different grounds for § 2255 relief.

Title 28 U.S.C. § 2255(h) requires a second or successive motion "be certified as provided in section 2244 by a panel of the appropriate court of appeals," which in this case is the Ninth Circuit Court of Appeals. The § 2255(h) gatekeeping provision is a statutory enactment of what was the pre-AEDPA abuse-of-the-writ doctrine. AEDPA, as in earlier times, generally limits a defendant to one motion under § 2255, and he or she "may not bring a 'second or successive motion' unless [he or she] meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (alteration in original) (emphasis added). "Before the district court can entertain a second or successive § 2255 motion, the appropriate court of appeals must certify the motion." *Tate v. United States*, 982 F.3d 1226, 1227 (9th Cir. 2020) (emphasis added). If the petitioner fails to first obtain the certification from the circuit court before filing a second or successive motion in the district court, "the district court *lacks jurisdiction* to consider the second or successive application." *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009) (emphasis added).

As it does not appear that Defendant has sought or received authorization from the Ninth Circuit Court of Appeals under § 2244 for this Court to consider the new motions or new arguments for § 2255 relief, this Court lacks jurisdiction. Accordingly, Defendant's motions to pursue a second or successive motion under 28 U.S.C. § 2255 to

vacate, set aside, or correct his sentence (*i.e.,* Dkt. Nos. 257, 260 & 264) are denied for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: September 27, 2021

_____
**HON. ROGER T. BENITEZ**
United States District Judge